

**FILED**
**SEP 28 2017**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE MONITORING OF GLOBAL POSITIONING SYSTEM INFORMATION AND PROSPECTIVE CELL SITE INFORMATION FOR AN AT&T PHONE WITH THE NUMBER (443) 956-0088 | Case No. 1: 17-mj-699<br>Assigned To: Magistrate Judge Robin M. Meriweather<br>Date Assigned: 9/28/2017<br>Description: Search and Seizure |

### ORDER

Application having been made by the United States for an Order and Warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the Federal Bureau of Investigation ("FBI") to ascertain the physical location of the cellular telephone assigned telephone number **(443) 956-0088** ("the target telephone"), with service currently provided by **AT&T**, including but not limited to the geolocation feature of the target telephone or other precise location information indicating the specific latitude and longitude of the target telephone at the start and end of any call or direct connect ("real time cell site data"), collectively, the "Requested Location Information",[1] for a period of thirty (30) days;

The Court finds that there is probable cause to believe that the Requested Location Information will assist the FBI in executing an outstanding arrest warrant for John Faulkner.

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that agents of the FBI beginning at any time within ten (10) days of the

---

[1] In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may be obtained only via a warrant issued on probable cause. *See In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. §§ 2703(d) & 3121 et seq.).

date of this Order, may obtain the Requested Location Information concerning the target telephone, with said authority to extend to any time of the day or night as required, for a period not to exceed 30 days from the date of implementation of this Order. All of said authority is expressly limited to ascertaining the physical location of the target telephone and expressly excluding the contents of any communications conducted by the user(s) of the target telephone.

It is further ORDERED that **AT&T**, the current service provider for the target telephone, assist agents of the FBI by providing all information, facilities and technical assistance needed to ascertain the Requested Location Information, including by initiating a signal to determine the location of the target telephone on **AT&T's** network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as **AT&T** accords the user(s) of the target telephone.

It is further ORDERED that the FBI compensate **AT&T** for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order, Warrant and the accompanying Affidavit and Application submitted in support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in order to avoid premature disclosure of the investigation, guard against flight by targets of the investigation, and better ensure the safety of agents and others, except that copies of the Court's Order and Warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the FBI, federally deputized state and local law

enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and **AT&T** as necessary to effectuate the Court's Order.

It is further ORDERED that the Warrant be returned to the issuing judicial officer within 10 days after the termination of the collection of information authorized by the Order.

It is further ORDERED that **AT&T**, its affiliates, officers, employees, and agents not disclose the Court's Order and Warrant or the underlying investigation to any entity or person, including but not limited to the subscriber or user of the target telephone, unless directed by the Court or by the law enforcement agents.

It is further ORDERED that pursuant to 18 U.S.C § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the officer executing the warrant may delay notice of the warrant to the subscriber until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.

It if further ORDERED that this Order and Warrant apply not only to the target telephone number but also to any changed cellular telephone number subsequently assigned to the target telephone and to any changed ESN or IMSI number assigned the same telephone number within the period of this Order.

It is further ORDERED that this order and all provisions herein shall apply to any subsequent service provider which provides service to the target telephone within the period of this Order.

It is further ORDERED that the Clerk of the Court forthwith shall provide three certified copies of this Order to the Office of the U.S. Attorney for the District of Columbia.

Dated this 28th day of September, 2017

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA